**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**SHELLEY KOLIN,**

**Plaintiff,**

**v.** **Case No: 6:21-cv-1945-RBD-EJK**

**AIG PROPERTY CASUALTY COMPANY,**

**Defendant.**

**ORDER**

This cause comes before the Court on the following Motions:

1. AIG Property Casualty Company's Motion to Strike and Motion for Protective Order Regarding Plaintiff's Rule 26(a)(2) Disclosure Served After Close of Discovery and Served in Response to Motion for Summary Judgment (the "First Motion to Strike") (Doc. 27), filed March 15, 2023;
2. AIG Property Casualty Company's Motion to Strike Regarding Untimely Disclosed Damages Opinion (the "Second Motion to Strike") (Doc. 32), filed March 30, 2023;
3. AIG Property Casualty Company's Motion to Strike Regarding Untimely Disclosed Rebuttal Expert Opinion (the "Third Motion to Strike") (Doc. 33), filed March 30, 2023;
4. AIG Property Casualty Company's Motion to Strike and for Sanctions for Plaintiff Violating Mediation Confidentiality (the "Fourth Motion to Strike")

(Doc. 34), filed March 30, 2023; and

5. AIG Property Casualty Company's Motion to Strike and for Sanctions Regarding Plaintiff Violating Mediation Confidentiality in Plaintiff's Response in Opposition (the "Fifth Motion to Strike") (Doc. 36), filed April 11, 2023.

All opposition papers have been filed and the Motions are ripe for the Court's review. (Docs. 31, 37, 38, 39, 41.)

## I. BACKGROUND

Defendant removed this action from the Circuit Court of the Ninth Judicial Circuit in and for Osceola County, Florida, to this Court on November 18, 2021. (Doc. 1.) This case arises from an insurance dispute between the parties. (*See* Doc. 1-1.) Plaintiff held a homeowner's insurance policy issued by Defendant; Plaintiff alleges Defendant failed to cover Plaintiff's property damage sustained by a storm event in April 2021. (*Id.* at 2). Following denial of coverage, Plaintiff filed this lawsuit alleging a single breach of contract claim. (*Id.* at 3.)

Despite the numerous pending motions, the crux of the issue is whether Plaintiff timely served her expert witness disclosure on Defendant. (Docs. 27, 31.) According to the Court's Case Management and Scheduling Order ("CMSO"), Plaintiff's expert witness disclosures and reports were due November 18, 2022, and discovery closed on February 1, 2023. (Doc. 21 at 2.)[1] Defendant asserts that Plaintiff did not serve her

---

[1] Also relevant to these issues, Defendant filed a timely Motion for Summary Judgment, which became ripe on March 30, 2023 (Docs. 26, 35), and this case is set for trial on the Court's September 2023 docket (Doc. 40).

expert report until March 3, 2023, over a month after discovery had closed; this disclosure, labeled "Plaintiff's Supplemental Expert Disclosures Pursuant to Fed.R.Civ.P. 26(e)," listed one engineering expert, Grant Crockett, of Orbis Consulting, Inc., to serve as both a causation and damages expert.[2] (Docs. 27; 27-1.) In the body of the email, Plaintiff's counsel notes that this supplement was made pursuant to the disclosure served April 14, 2022. (*Id.*) In Defendant's view, this April 14, 2022, disclosure did not qualify as a Rule 26(a)(2) expert disclosure.

On April 14, 2022, Plaintiff served on Defendant a 137-page "Cause and Origin Report," authored and signed by Mr. Crockett (the "Report"). (Doc. 31-2). Plaintiff's Report was served as part of documents responsive to Defendant's discovery requests.[3] (Doc. 31-3.) Specifically, Plaintiff sent a service email to Defendant with Plaintiff's Answers to Interrogatories and Plaintiff's Response to Request for Production attached and included a link for responsive documents. The Report was included within that link.[4] On June 1, 2022, Defendant's counsel office sent an email to Plaintiff's counsel office, requesting dates for "Plaintiff's Engineer, Grant Crockett." (Doc. 31-5.) On February 28, 2023, Defendant filed its Motion for Final Summary Judgment, which is based almost entirely on the argument that, because Plaintiff did

[2] Specifically, Plaintiff contends Mr. Crockett is intended to serve as a "cause and origin" as well as "scope and method of repair" expert. (Doc. 37 at 11.)

[3] Plaintiff also notes Defendant received this Report pre-suit. (*See* Doc. 31-1.)

[4] Plaintiff did not attach the full and complete set of documents that were served with this email. Rather, only thumbnail images of the file are viewable, but Defendant does not dispute it received the Report on April 14, 2022.

not disclose an expert, she has not offered causation or damage evidence to support her claim that a storm event caused damage to her property. (Doc. 26.)

## II. DISCUSSION

### A. Defendant's Fourth and Fifth Motions to Strike (Docs. 34, 36)

Before the undersigned can reach the merits of the issue, the Court first addresses Defendant's Fourth and Fifth Motions to Strike, which contain substantially similar arguments. (Docs. 34, 36). The Motion at Docket Entry 34 seeks to strike Plaintiff's Response in Opposition to Defendant's Motion for Final Summary Judgment (Doc. 30). The Motion at Docket Entry 36 seeks to strike Plaintiff's Response in Opposition to Defendant's Motion to Strike and Motion for Protective Order Regarding Plaintiff's Rule 26(a)(2) Disclosure (Doc. 31).

Defendant states that Plaintiff intentionally violated the parties' mediation confidentiality, wherein Plaintiff disclosed alleged mediation statements, of which the following are a representative sample:

- "On May 23, 2022, the parties attended mediation and discussed the substance of Plaintiff's Rule 26 Report, as well as what a jury would hear from Mr. Crockett should there be an impasse and eventual trial." (Doc. 30 at 4).

- "Furthermore, Plaintiff took into account the parties' conduct in having knowledge of, and having discussed the substance of the Rule 26 Report at mediation in the context of what a jury would hear from Plaintiff's expert at trial, as well as Defendant's actions in seeking to depose Mr. Crockett. (Doc. 31 at 11.)

- "The parties also discussed Mr. Crockett's expert trial testimony during the May 23, 2022, mediation, in the context of what a jury would hear from Plaintiff's expert should the case proceed to trial." (Doc. 31 at 2.)

Specifically, Defendant asserts that Plaintiff's inclusion of the mediation statements in her filings violated the Mediation Confidentiality and Privilege Act, Fla. Stat. §§ 44.401–44.406, the Court's Case Management and Scheduling Order, and Local Rule 4.03. Defendant seeks sanctions against Plaintiff and her counsel, including striking Plaintiff's Responses (Docs. 30, 31), dismissing Plaintiff's case, and awarding attorney's fees and costs.

Plaintiff responds that her statements were legally permissible for the purpose of demonstrating Defendant was on notice of Plaintiff's expert, citing to Federal Rule of Evidence 408(b) and *Sunderland v. Bethesda Hospital Inc.*, No. 13-80685-CV-HURLEY/HOPKINS, 2014 U.S. Dist. LEXIS 186266, *5–6 (S.D. Fla. Sept. 10, 2014) ("Rule 408 is inapplicable when evidence of the compromise is offered to prove notice.") (internal quotation marks omitted). (Doc. 31 at 4 n.2.) Plaintiff also states that the Mediation Confidentiality and Privilege Act is inapplicable in federal court. (Doc. 39 at 7); *Calton & Assocs. v. Simmers,* No. 8:20-cv-851-T-33CPT, 2020 U.S. Dist. LEXIS 184541, *3 (M.D. Fla. Oct. 6, 2020) ("The Court determines that Florida Statutes §§ 44.405-44.406 are procedural in nature and, thus, do not apply.")

It is unnecessary for the Court to decide whether the Mediation Confidentiality and Privilege Act applies in federal court diversity cases, because what indisputably does apply is this Court's Local Rules and CMSO. If a case is referred to mediation, Local Rule 4.03 requires the presiding judge to enter an order that "directs that the substance of . . . mediation is confidential and that no party [or] lawyer . . . is bound

by, may record, or without the judge's approval may disclose any event, including any statement confirming or denying a fact—except settlement—that occurs during mediation." In that vein, the Court's CMSO provides:

> All discussions, representations and statements made at the mediation conference are privileged settlement negotiations and are inadmissible to prove liability for or invalidity of a claim or its amount. Except in a supplemental proceeding to enforce a settlement agreement, nothing related to the mediation conference shall be admitted at trial or be subject to discovery. *See* Fed. R. Evid. 408; Local Rule 4.03(g).

(Doc. 21 at 13.)

The CMSO indicates that Plaintiff's statements made at the mediation conference were privileged. (Doc. 21 at 13) ("All discussions, representations and statements made at the mediation conference are privileged settlement negotiations . . . ."). While Federal Rule of Evidence 408(b) could conceivably allow Plaintiff to introduce this evidence for the purpose of proving Defendant was on notice of Plaintiff's expert, it was nevertheless inadvisable to disclose these statements to the Court, absent prior permission.

In any event, sanctions are not warranted because the statements reveal nothing to the Court as to the actual substance of the parties' negotiations at mediation. This is certainly not akin to the filing of a confidential mediation statement, *Leigh v. Avossa,* No. 16-81612-CIV-Marra/Matthewman, 2017 U.S. Dist. LEXIS 133137, at *6 (S.D. Fla. Aug. 21, 2017), or a proposed settlement agreement, *Drummond v. Zimmerman*, 454 F. Supp. 3d 1207, 1209–10 (S.D. Fla. 2020). Therefore, Defendant's requested

sanctions for striking the filings—dismissing the case and awarding attorney's fees—are not proportional to this technical violation. While the Court declines to impose any of Defendant's requested sanctions, it will exclude these mediation statements in its consideration of the First Motion to Strike.

**B. Defendant's First Motion to Strike (Doc. 27)**

In its First Motion to Strike, Defendant asks the Court to strike Plaintiff's Rule 26(a)(2) disclosure (Doc. 27-1), issue a protective order prohibiting Plaintiff from undertaking further discovery in this case, and for sanctions, for what Defendant describes as "Plaintiff's attempt to circumvent this Court scheduling Order by falsely labeling an untimely initial Rule 26(a)(2) disclosure as a 'supplemental disclosure.'" (Doc. 27 at 6–7.) Defendant asserts that Plaintiff did not serve her Rule 26(a)(2) disclosure until March 3, 2023, over a month after discovery had closed. (*Id.* at 4.)

Federal Rule of Civil Procedure 26(a)(2)(A) provides that "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Such disclosures must include a "written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." Fed. R. Civ. P. 26(a)(2)(B). The rule then enumerates the items the report must contain. Fed. R. Civ. P. 26(a)(2)(B)(i)–(vi).

The Court's CMSO echoes these requirements:

> On or before the deadlines set forth in this CMSO, the parties shall: (1) pursuant to Rule 26(a)(2)(A), disclose the identity of any witness who may provide expert opinion evidence at trial ("**Expert Witness**"); (2) pursuant to Rule 26(a)(2)(B), produce a written report ("**Expert Report**") for any Expert Witness that is retained or specially employed to provide expert testimony in this action, including any party's employee that regularly provides expert testimony; and (3) pursuant to Rule 26(a)(2)(C), produce a written disclosure ("**Expert Disclosure**") for any other Expert Witness. Any person who is not timely identified as an Expert Witness in accordance with Rule 26(a)(2)(A) will be prohibited from offering expert opinion testimony at trial.

(Doc. 21 at 5.)

If a party fails to provide information or identify a witness under Rule 26(a), then the party is not allowed to use that information or witness to supply evidence at trial "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Substantial justification exists if there is "justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request." *Hewitt v. Liberty Mut. Grp., Inc.*, 268 F.R.D. 681, 682 (M.D. Fla. 2010) (quotation and citation omitted). A harmless failure to disclose exists "when there is no prejudice to the party entitled to receive the disclosure." *Id.* at 683.

The court has broad discretion in deciding whether a failure to disclose evidence is substantially justified or harmless under Rule 37(c)(1). *United States ex rel. Bane v. Breathe Easy Pulmonary Servs., Inc.*, No. 8:06-cv-00040-T-33MAP, 2009 WL 92826, at *3 (M.D. Fla. Jan.14, 2009). In determining whether a failure to disclose evidence is

substantially justified or harmless, courts are guided by the following factors: (1) the surprise to the opposing party; (2) the opposing party's ability to cure the surprise; (3) the likelihood and extent of disruption to the trial; (4) the importance of the evidence; and (5) the offering party's explanation for its failure to timely disclose the evidence. *Mobile Shelter Sys. USA, Inc. v. Grate Pallet Sols., LLC*, 845 F. Supp. 2d 1241, 1250–51 (M.D. Fla. 2012). Defendant is correct that "[n]otice of the expert witness' name is not enough" and "[e]ach witness must provide a written report containing" the information required by Rule 26(a)(2)(B). *Prieto v. Malgor*, 361 F.3d 1313, 1317–18 (11th Cir. 2004).

Plaintiff asserts that she substantially complied with Rule 26(a)(2) and the CMSO's requirements. (Doc. 31 at 10.) On April 14, 2022, during the course of discovery, Plaintiff provided a detailed, 137-page report signed by Mr. Crockett, providing Mr. Crockett's opinions, the grounds for the opinions, and other information, including a Loss Assessment showing Plaintiff's damages. (Docs. 31 at 10–11; 31-3; 31-2.) The following month, on June 1, 2022, Defendant's counsel's office requested deposition dates from Plaintiff's counsel's office for "Plaintiff's Engineer, Grant Crockett." (Doc. 31-5.) On March 3, 2023, Plaintiff served Supplemental Expert Disclosures by providing Mr. Crockett's CV, including a list of prior cases he testified as an expert at trial or by deposition, as well as his Fee Schedule. (Doc. 31-6.) Plaintiff states that her Report should not be stricken just because Plaintiff's Report was not served independently, in an email that referenced Rule 26(a)(2). Rather, Plaintiff states

that her substantial compliance with Rule 26(a)(2) should result in the denial of Defendant's Motion.

It is undisputed by the parties that Plaintiff's Report, served April 14, 2022, was received by Defendant, but did not fully comply with Federal Rule of Civil Procedure 26(a)(2)(B)(i)–(vi). However, it did *substantially* comply with the Rule, as it was prepared and signed by Mr. Crockett, included all his statements of opinions and the basis and reasons for those opinions, the facts or data used in forming his opinions, and the exhibits he used in summarizing or supporting his opinions. Fed. R. Civ. P. 26(a)(2)(B)(i)–(iii). At most, Plaintiff failed to timely disclose Mr. Crockett's CV and fee schedule, which was not provided until after the close of discovery, on March 3, 2023. (Doc. 27-1.) Additionally, Defendant has not pointed the Court to any rule or order requiring Mr. Crockett's Report to be served in a separate document citing to Rule 26(a)(2). While such a method is certainly best practice, ultimately, the Court is left to question why Defendant chose to ignore this extensive report on the subject of the dispute in this case.

Nevertheless, because Plaintiff's Report did not fully comply with Rule 26(a)(2)'s requirements, the undersigned will still evaluate whether Plaintiff's failure to do so was harmless.[5] Defendant certainly was not surprised by the identity of Mr. Crockett, as there is no dispute it received the Report and even asked to depose Mr. Crockett. Defendant's decision not to follow through with the deposition does not

---

[5] Plaintiff does not assert a substantial justification argument.

result in prejudice. For these same reasons, the undersigned does not find prejudice in Defendant's failure to file a *Daubert* motion related to Mr. Crockett. Defendant has expressed concern regarding the remaining case deadlines if Mr. Crockett's testimony is allowed, but the Court has not been presented with a motion to extend the remaining case deadlines, and the undersigned declines to do so *sua sponte*. Furthermore, Defendant has retained an expert who opined that a storm did not damage Plaintiff's property, so Defendant is not left without an expert on causation. (Doc. 26.) As to Plaintiff's damages estimate, Defendant's remedy is cross-examination. Accordingly, Defendant's First Motion to Strike will be denied.

**C. Defendant's Second and Third Motions to Strike (Docs. 32, 32)**

Finally, the Court turns to Defendant's Second and Third Motions to Strike. (Docs. 32, 33.) Defendant's Second Motion to Strike requests that the Court strike Mr. Crockett as a damages expert because Mr. Crockett's Declaration (Doc. 30-9), attached to Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment, "seeks to wholesale adopt an unknown and undisclosed author's damages estimate as Mr. Crockett's own damages opinion." (Doc. 32 at 2.) Defendant's Third Motion to Strike requests that the Court strike that same Declaration for the additional reason that paragraphs 9 and 19 untimely "introduce a new rebuttal opinion." (Doc. 33 at 8–9.)

The Second Motion to Strike, which was filed on March 30, 2023, seeks to strike Mr. Crockett as a damages expert under rules 16, 26, and 37 of the Federal Rules of Civil Procedure. (Doc. 32.) But a review of Defendant's substantive arguments as to

why Mr. Crockett should be stricken leads the undersigned to conclude that motion should be considered a *Daubert* Motion, which, under the terms of the CMSO, was untimely filed. (Doc. 21 at 3) (stating *Daubert* Motions should be filed by March 1, 2023). Defendant's essential argument is that Mr. Crockett did not author the damages aspect of his Report and does not list any methodology for how his repair estimate was derived. (*See* Doc. 31-2 at 117–137.) The qualification and reliability of an expert's opinion must be addressed under *Daubert*. *See United States v. Frazier*, 387 F.3d 1244, 1260 (11th Cir. 2004). For this reason, the Second Motion to Strike will be denied as untimely filed. *Am. K-9 Detection Servs., Inc. v. Rutherford Int'l, Inc.*, No. 6:14-cv-1988-Orl-37TBS, 2016 WL 11573449, at *1 (M.D. Fla. Mar. 2, 2016) (denying untimely filed Daubert motion).

The Third Motion to Strike seeks to strike Mr. Crockett's Declaration as an improper or untimely rebuttal under Rules 16, 26, and 37. (Doc. 33.) However, a review of the Affidavit leads the Court to conclude that it does not constitute a rebuttal opinion, as it essentially repeats the opinions offered in his disclosed Report. (Docs. 30-9; 38 at 2.) The two paragraphs with which Defendant takes issues are as follows:

> 9. I conducted an inspection of the property. I have also reviewed a Report of Findings prepared by Rimkus Consulting Group, Inc. and dated June 3, 2021, a true and correct copy of which is attached hereto as "Exhibit 2."
>
> 19. Finally, I disagree with Rimkus Consulting Group, Inc.'s conclusions that the damages to the Property were not caused by the April 21, 2021, severe storm, and that the damages were instead caused by thermal movements and/or gravity from a loss of friction as a result of age-

> related deterioration and/or installation deficiencies, normal, anticipated wear, foot traffic, and others.

(Docs. 30-9, ¶¶ 9, 19; 33 at 2.) Mr. Crockett clearly opined in his Report that the damage to Plaintiff's property was caused by a storm event, which, of course, is at odds with Defendant's report from Rumkus Consulting Group. (Doc. 31-2 at 4.) Simply because this opinion disagrees with Defendant's expert report does not make it a rebuttal opinion, as Mr. Crocket's opinion has been the same from the start. Therefore, this portion of the Affidavit will not be stricken.

## III. CONCLUSION

Accordingly, it is **ORDERED** as follows:

1. AIG Property Casualty Company's Motion to Strike and for Sanctions for Plaintiff Violating Mediation Confidentiality (Doc. 34) and Motion to Strike and for Sanctions Regarding Plaintiff Violating Mediation Confidentiality in Plaintiff's Response in Opposition (Doc. 36) are **GRANTED IN PART AND DENIED IN PART**:
    a. The Motions are **GRANTED** to the extent that the undersigned did not consider any statements made at mediation in reaching its determination on the Motion to Strike at Docket Entry 27.
    b. The Motions are otherwise **DENIED**.
2. AIG Property Casualty Company's Motion to Strike and Motion for Protective Order Regarding Plaintiff's Rule 26(a)(2) Disclosure Served After Close of Discovery and Served in Response to Motion for Summary Judgment (Doc. 27)

is **DENIED**.

3. AIG Property Casualty Company's Motion to Strike Regarding Untimely Disclosed Damages Opinion (Doc. 32) and Motion to Strike Regarding Untimely Disclosed Rebuttal Expert Opinion (Doc. 33) are **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on May 22, 2023.

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE